NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN MARTINEZ-RODRIGUEZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-72321 Agency No. A097-367-810 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2020**
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and VITALIANO,*** District
Judge.

Benjamin Martinez-Rodriguez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Eric N. Vitaliano, United States District Judge for the
Eastern District of New York, sitting by designation.

Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 8 U.S.C. § 1252 over the changed circumstances and withholding of removal-related claims, and we deny the petition as to those claims. We dismiss the extraordinary circumstances claim for lack of jurisdiction.

Where, as here, the BIA issues its own decision but relies in part on the IJ's reasoning, we review the BIA's decision and the IJ's decision to the extent adopted. *See Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012) (citing *Alaelua v. INS*, 45 F.3d 1379, 1382–83 (9th Cir. 1995)). We review factual findings that an applicant has not established eligibility for asylum and withholding of removal under the substantial evidence standard. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). The BIA's determination that untimely filing of an asylum application was not excused by changed circumstances is reviewed to determine whether the record compels a conclusion contrary to the BIA's decision. *See Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007).

Substantial evidence supports the BIA's conclusion that Martinez-Rodriguez's asylum application was time-barred because he did not file his asylum application within one year of his arrival in the United States, and that he did not establish the existence of material changed circumstances to excuse the untimeliness of his application. *See* 8 U.S.C. §§ 1158(a)(2)(B), 1158(a)(2)(D);

8 C.F.R. § 1208.4(a)(4). Martinez-Rodriguez does not dispute that he last entered the United States in 2009 and lodged his asylum application in 2014. Rather, he first contends that his same-sex marriage constitutes a changed circumstance that excuses his delay. Martinez-Rodriguez argues that his marriage constitutes a changed circumstance because it makes his sexual orientation more "obvious" and therefore heightens his risk of persecution. An increase in the risk of persecution can constitute a material changed circumstance excusing an untimely asylum application. *See Vahora v. Holder*, 641 F.3d 1038, 1044 (9th Cir. 2011). However, this record does not compel the conclusion that Martinez-Rodriguez's marriage would indeed make his sexual orientation more "obvious" and therefore place him at increased risk of persecution. Thus, the BIA's finding that Martinez-Rodriguez's same-sex marriage did not constitute a sufficient changed circumstance was proper.

We lack jurisdiction to review the agency's determination that Martinez-Rodriguez's PTSD diagnosis was not an extraordinary circumstance excusing his failure to file his asylum application within a year. We have jurisdiction to review an extraordinary circumstance determination when the facts are undisputed. *Husyev v. Mukasey*, 528 F.3d 1172, 1178–79 (9th Cir. 2008). The facts are disputed here because Martinez-Rodriguez argues that his PTSD diagnosis contributed to the application delay, but the agency and government disagree,

3

relying on the facts that Martinez-Rodriguez was able to carry out other tasks of daily living and testified that part of the reason for the delay was because he was too busy to file. We therefore lack jurisdiction to review the agency's extraordinary circumstance determination. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) (holding that the court lacked jurisdiction to review Gasparyan's argument that her mental health issues constituted an extraordinary circumstance because there was a disagreement as to whether Gasparyan's application delay was due to her mental health issues or lack of funds and a language barrier).

Withholding of removal is not subject to a statutory time limit. *See* 8 U.S.C. § 1231(b)(3). But to be eligible for this relief, Martinez-Rodriguez must establish that persecution based on membership in a particular social group is more likely than not upon his return to Mexico. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). This is a more stringent standard than that governing asylum. *Id.* Because we agree with the BIA and IJ that, even if his application had been timely, Martinez-Rodriguez failed to establish past persecution or a well-founded fear of future harm under the asylum standard, we necessarily conclude that Martinez-Rodriguez failed to meet the standard for withholding of removal.

**PETITION DENIED IN PART; DISMISSED IN PART.**

4